IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00705-WDM-CBS

B & R Plastics, Inc., a Colorado corporation,

Plaintiff,

v.

WATSEKA RURAL KING SUPPLY, INC., an Illinois corporation,
d/b/a BIG R, an Illinois assumed name,
RON KAY, an individual, and
BOB CURRY, an individual,

Defendants.

## AMENDED COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, B & R Plastics, Inc., by and through their counsel, Fischer & Fischer, LLP, and asserts the following Amended Complaint against the above named Defendants, stating as follows:

### JURISDICTION AND VENUE

1,   The Plaintiff, B & R Plastics, Inc., is a Colorado corporation with its principal place of business at 4550 Kingston Street, Denver, Colorado 80239.

2.   That Defendant, Watseka Rural King Supply, Inc., is an Illinois corporation authorized to do business in other states throughout the country, and doing business as Big R.  Big R has numerous retail outlets in Colorado.

3.   That Defendant, Ron Kay, is an individual residing in Illinois.

4.   That Defendant, Bob Curry, is an individual residing in Illinois.

5.   The Defendants, through their agents, do business in the State of Colorado and throughout the United States.

6. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332 and 28 U.S.C. § 1338.

7. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. §1400 since the Defendants have, through their agents, committed acts of infringement and conducted business in the State of Colorado and this judicial district. Such events include, but are not limited to, sales, marketing, distribution, offers for sale, and importation into Colorado, in addition to contributory and inducing conduct relative thereto.

## GENERAL ALLEGATIONS

8. Plaintiff is the exclusive licensee of a Patent designed and invented as a foldable stool. Said Design Patent was issued to inventor Reed E. Henschel and Brad Eveleth under Patent No. US D460,566 S on July 16, 2002. A copy of said Patent is attached hereto as "Exhibit 1".

9. Defendants, through their divisions, subsidiaries and/or agents, are engaged, inter alia, in the business of manufacturing, marketing, distributing and selling an infringing product advertised as the MY COOL STOOL.

10. The MY COOL STOOL is a direct knock-off of Plaintiff's product.

11. The Defendants' product uses Plaintiff's patent and technology, or a reasonable facsimile therefore, in direct competition with Plaintiff's own product.

12. The Defendants are fully aware of Plaintiff's Patents and product as Defendants contacted Plaintiff in 2007 and admitted knowing of the infringement.

13. Upon information and belief, the Defendants' importer from China has been put on notice by Plaintiff through various correspondence related to the improper manufacture of said products.

14. Despite being put on notice of the infringement, Defendants continue to make, distribute, advertise, market and sell the MY COOL STOOL which infringes on the Patents licensed to Plaintiff.

15. Defendants' act of marketing, distributing, and otherwise infringing against Plaintiff has occurred throughout the United States, and specifically in the State of Colorado, through Defendants or their agents, authorizing this Court to extend the long-arm jurisdiction, pursuant to C.R.S. § 13-1-124.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement)

16. Plaintiff incorporates and restates the foregoing allegations as set forth above as though fully set forth herein.

17. Defendants are infringing Plaintiff's Patents by, inter alia, manufacturing, distributing, advertising, marketing and selling the MY COOL STOOL. Such infringement is deliberate, willful, intentional and with full knowledge of the existence and validity of the Patents licensed to Plaintiff.

18. Upon information and belief, Defendants have been infringing the Patents for approximately one (1) year. Defendants' infringement has continued to date and will continue to do so unless enjoined by the Court.

19. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount to be ascertained at trial.

## SECOND CLAIM FOR RELIEF

### (Injunction)

20. Plaintiff incorporates and restates the allegations set forth above as though fully set forth herein.

21. As a direct and proximate result of Defendants' actions of infringing the Patents licensed to Plaintiff, Plaintiff has suffered, and will continue to suffer, irreparable harm.

22. Plaintiff has no adequate remedy at law if Defendants continue to infringe the Patents licensed to Plaintiff.

23. Plaintiff has suffered, and will continue to suffer, irreparable harm and damage unless a preliminary and final injunction are issued enjoining Defendants from infringing the Patents licensed to Plaintiff.

24. Plaintiff will likely prevail on the merits of the case at trial.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition)

25. Plaintiff incorporates and restates the allegations set forth above as though fully set forth herein.

26. Plaintiff has invested substantial time, energy and resources in developing, marketing, and selling products covered by the Patents.

27. By the above mentioned activities, Defendants have misappropriated Plaintiff's efforts and such are being improperly used by Defendants to compete with Plaintiff in the United States.

28. Defendants have usurped Plaintiff's competitive advantage and interfered with the operation of Plaintiff's legitimate business.

29. Defendants' conduct and activities constitute unfair competition against Plaintiff.

30. Defendants' conduct and activities have damaged Plaintiff in an amount to be determined at trial which is in excess of $75,000.00 and, unless enjoined, will seriously impair the value of Plaintiff's business.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

(a) That it be adjudged that the Patents licensed to Plaintiff have been infringed by Defendants;

(b) Award Plaintiff a preliminary and permanent final injunction against the continued infringement;

(c) Order an accounting of Defendants' sales, profits, cost of goods sold and other relevant financial information as it relates to the MY COOL STOOL;

(d) Award Plaintiff damages against Defendants in an amount adequate to compensate Plaintiff for such infringement and not less than a reasonable royalty, together with interest and costs, in an amount to be ascertained;

(e) Award Plaintiff an additional sum on account of the willful, intentional and deliberate character of Defendants' infringing acts pursuant to 35 U.S.C. 284;

(f) Award Plaintiff reasonable attorney fees and costs against Defendants; and

(g) Grant Plaintiff all other legal and equitable relief for which Plaintiff is entitled.

**PLAINTIFF DEMANDS A JURY OF 12.**

Dated this 27th day of May, 2009.

Respectfully submitted,

*Fischer & Fischer, LLP*

/s/ Erik G. Fischer
Erik G. Fischer, #16856
Fischer & Fischer, LLP
125 S. Howes Street, Suite 900
Fort Collins, CO 80521
Telephone: (970) 482-4710
Facsimile: (970) 482-4729
efischer@fischerandfischerlaw.com
*Attorney for Plaintiff*

*Cochran, Freund & Young, LLC*

/s/ William Wallace Cochran, II
William Wallace Cochran, II
Cochran, Freund & Young, LLC
2026 Caribou Drive - Suite 201
Fort Collins, CO 80525
Telephone: (970) 492-1100
Facsimile: (970) 492-1101
billc@patentlegal.com
*Co-Counsel for Plaintiff*